REDMANN, Judge.
Plaintiff lost much of her right index and middle fingers and injured her right ring finger at her job as a bookbinder. Her hand is now healed except for minor sensation problems. But plaintiff’s mental condition from the accident, psychoneurotic reaction with marked anxiety and depression, *196 according to the only psychiatrist who testified, gave her “zero” possibility of returning to any work at the time he saw her; notwithstanding that his prognosis is “guarded,” his recommended treatment was “approximately a two-year program [of psychotherapy] hopefully with some positive successful result.” Plaintiff did not undertake the recommended treatment.
Both parties appeal from the trial judge’s decision that plaintiff was entitled to workmen’s compensation benefits for partial and permanent disability under La. R.S. 23:1221(3). Plaintiff argues her disability is total and permanent within § 1221(2). Defendants argue plaintiff has no compensable disability except 41% loss of a hand, compensable under § 1221(4)(e). We conclude that the cited evidence shows psychological disability which is total but only temporary, compensable under § 1221(1), and under § 1222 we estimate the time of temporary disability at 104 weeks from the time psychotherapy is instituted.
We are aware of the unlikelihood that plaintiff, now about 63 years of age, will return to work. But the Workmen’s Compensation statutes are not designed to provide retirement benefits. Those are available from the Social Security system. The Workmen’s Compensation statute compensates only disability, and the only disability that this record establishes would “hopefully” (if guardedly) be eliminated by two years of psychotherapy.
Plaintiff did not begin the psychotherapy at least in part because she did not have the means to pay for it. Defendants owed her that medical benefit and cannot complain that her lack of means has prolonged her disability. Plaintiff is entitled to disability benefits to the present time and, provided that she accepts psychotherapy and continues being treated, for 104 weeks from the time psychotherapy is instituted.
We affirm the award of penalties and attorney fees against defendant insurer. Defendant insurer’s stopping payments September 28 when they knew she had lost part of her right hand, and therefore had at least some entitlement to specific schedule benefits, was arbitrary (although this arbitrariness was displaced by a November 21 offer to pay 41% of 66%% of wages for 150 weeks). Defendants became more arbitrary after they were informed by letter of November 14[1] of the psychiatrist’s opinion, and they had no contrary psychiatric opinion.
We deny plaintiff’s request for an increase in the $3,500 attorney fees awarded. We deem that amount sufficient for all services including the appeal.
Amended to award $92.24 per week from September 28, 1977 and until 104 weeks from date of this judgment with legal interest on each week’s payment from due date until paid, and all medical expenses including psychotherapy, and all costs; otherwise affirmed.

. Defendant’s brief concedes receipt of this letter transmitting the psychiatrist’s report.